IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | INDICTMENT NO. 6:12cr00018-BAE-GRS |
| v. ) | |
| ) | |
| MARTELL ANTWON MINGO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PRELIMINARY MOTION TO SUPPRESS EVIDENCE ILLEGALLY
OBTAINED BY ELECTRONIC SURVEILLANCE**

COMES NOW, Defendant Martell Antwon Mingo (hereinafter "Defendant") and, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, moves this Court for an Order suppressing certain evidence illegally seized in violation of Defendant's Constitutional rights and, in support thereof, shows this Court as follows:

1.

The government, by virtue of the numerous counts in the indictment alleging Use of a Communication Facility in violation of 21 U.S.C. §843(b), has clearly indicated an intention to use as evidence against Defendant the results of certain electronic surveillance conducted by the various law enforcement agencies.  This motion is filed as a preliminary matter, prior to the government's disclosure of the warrants, affidavits, and applications in support of electronic surveillance, and is filed to preserve any challenge to the legality of such electronic surveillance.  The Defendant reserves the right to particularize this motion after review of all such evidence to be produced in discovery.

2.

Defendant is an "aggrieved person" within the meaning of 18 U.S.C. § 2510(11) in that he was either a party to an intercepted communication, or he was a person against whom the interception was directed. More particularly, the above-referenced wiretap included interceptions and recordings of conversations to which Defendant was allegedly a party.

3.

The evidence Defendant seeks to suppress consists of all tapes, transcripts, logs, investigative memoranda, and other documents or evidence of any kind that were obtained by law enforcement officials, either state or federal, as a result of the electronic surveillance conducted during any investigation of any of the defendants that resulted in the interception of any conversation to which Defendant was a party, or for which he would otherwise have standing to object. This Motion is intended to cover all electronic surveillance of every type (audio, video, GPS tracking, Pen register, etc.) employed by law enforcement in its investigation of Defendant. Defendant is not aware of the full extent of such electronic surveillance.

4.

Defendant contends, primarily, that the above-described evidence was illegally obtained in violation of Defendant's Fourth Amendment rights against unreasonable searches and seizures.

5.

Defendant contends that the wiretap violated the requirements and limitations of 18 U.S.C. § 2510, et seq., and should accordingly be suppressed in its entirety.

6.

Defendant further contends that no proper application for an order authorizing the

interception of the above-referenced wire, oral, or electronic communication was ever prepared by a person authorized to make such application under 18 U.S.C. § 2516(2).

7.

The Applications did not state the respective applicants' authority to make such Application as required by 18 U.S.C. § 2518(1).

8.

The various Applications are defective in that they fail to include:

(a) the identity of the investigative or law enforcement officer making the application, and the officer authorizing the application;

(b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including (i) details as to the particular offense that has been, is being, or is about to be committed, (ii) a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications sought to be intercepted, (iv) the identify of the person, if known, committing the offense and whose communications are to be intercepted;

(c) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous;

(d) a statement of the period of time for which the interception is required to be maintained. If the nature of the investigation is such that the authorization for interceptions should not automatically terminate when the described type of

        communication has been first obtained, a particular description of facts establishing probable cause to believe that additional communications of the same type will occur thereafter;

(e)     a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire or oral communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application.

9.

The orders authorizing the interceptions did not properly specify the identity of the person whose communications were to be intercepted, as required by 18 U.S.C. § 2518(4)(a).

10.

The orders authorizing the interceptions did not properly specify the nature and location of the communications facilities as to which, or the place where, authority to intercept is granted, as required by 18 U.S.C. § 2518(4)(b).

11.

The orders authorizing the interceptions did not properly specify a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates, as required by 18 U.S.C. § 2518(4)(c).

12.

The orders authorizing the interceptions did not properly specify the identity of the agency authorized to intercept the communications, and of the person authorizing the application, as

required by 18 U.S.C. § 2518(4)(d).

13.

The orders authorizing the interceptions did not properly specify the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication had first been obtained, as required by 18 U.S.C. § 2518(4)(e).

14.

That the various orders approved a period of interception longer than necessary to achieve the objective of the authorization, in violation of 18 U.S.C. § 2518(5).

15.

That the various orders are defective on their face in that they did not contain a provision that the authorization to intercept shall be executed as soon as practicable.

16.

That the various orders are also defective on their face in that they did not contain a provision that the authorization shall be conducted in such a way as to minimize the interception of communication not otherwise subject to interception.

17.

The orders are further defective in that they fail to state that the authorization must terminate upon the attainment of the authorized objective.

18.

The wiretap authorizations were conducted improperly because the recording of the contents of the communication was not done in a way to protect the recording from editing or other

alterations, as required by 18 U.S.C. § 2518(8)(a).

19.

The above-referenced wiretaps were conducted improperly and in violation of 18 U.S.C. § 2510, et seq., in that the law enforcement officials conducting the wiretap made no effort, or make an insufficient effort, to minimize the non drug-related conversations that occurred on the telephone lines.

WHEREFORE, Defendant prays that after an evidentiary hearing the evidence derived from any illegal search and seizure or wiretap be excluded from evidence. In particular, all physical evidence derived from Defendant's arrest, the search of his residence and vehicle, and the seizure of cash, shall be suppressed.

This 2nd day of January, 2013.

*s/Edward J. Coleman, III*
Edward J. Coleman, III
Georgia Bar No. 177475
Leading Counsel for Defendant
Martell Antwon Mingo

SURRETT & COLEMAN, P.A.
Post Office Box 204720
Augusta, Georgia 30917-4720
Telephone: (706) 722-3301
Facsimile: (706) 722-3318

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | INDICTMENT NO. 6:12cr00018-BAE-GRS |
| v. ) | |
| ) | |
| MARTELL ANTWON MINGO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the following upon counsel for the United States of America with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in the Court:

**1. PRELIMINARY MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED BY ELECTRONIC SURVEILLANCE**

**Cameron Heaps Ippolito**
U.S. Attorney's Office - Savannah
P.O. Box 8970
Savannah, GA 31412

This 2nd day of January, 2013.

> /s/Edward J. Coleman, III
> Edward J. Coleman, III
> Georgia Bar No. 177475
> Leading Counsel for Defendant
> Martell Antwon Mingo

Of Counsel:
SURRETT & COLEMAN, P.A.
Post Office Box 204720
Augusta, Georgia  30917-4720
Telephone:  (706) 722-3301
Facsimile: (706) 722-3318