# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MARTELL ANTWON MINGO, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV614-099 |
| UNITED STATES OF AMERICA, | ) ) | CR612-018 |
| Respondent. | ) ) | |

## **ORDER**

In its last Order the Court preliminarily reviewed Martell Antwon Mingo's 28 U.S.C. § 2255 motion. Doc. 1049, *reported at* 2014 WL 4702577. In it he claimed that he told his appointed lawyer, Thomas Charles Rawlings, to file a direct appeal yet was ignored. Doc. 1049 at 3. The Court thus directed Rawlings to respond via affidavit and he has complied. Doc. 1050. Rawlings says he duly consulted with Mingo about his direct appeal rights just after the Court sentenced him. *Id.* at 2.[1] Mingo signed the Court's Notice form -- electing not to appeal. *Id.* at 2-3.

---

[1] Furthermore, says Rawlings, Mingo never asked him to file an appeal, even when the two later conferred about a prison transfer. Doc. 1050 at 3.

Rawlings then handed the Notice to the courtroom deputy to file, but it is not in the record. *Id.* at 2-3.[2]

Within 21 days of the date this Order is served, Mingo must -- on the attached form to be returned -- affirm or rebut Rawlings' sworn assertions, then sign it under 28 U.S.C. § 1746 (permitting written, unsworn declaration subscribed in proper form as true under penalty of perjury to substitute for an affidavit).[3] If he fails to comply, the Court will advise that his § 2255 motion be denied.

**SO ORDERED**, this 30th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The deputy's sentencing "Minutes" form has a preprinted "Notice of Counsel's Post-Conviction Obligations Provided" line on it. It is unchecked. Doc. 831.

[3] He is reminded that lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

2

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MARTELL ANTWON MINGO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-199 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MARTELL A. MINGO'S STATEMENT

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2014.

_____
Martell Antwon Mingo