UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

MARTELL ANTWON MINGO,    )
                         )
    Movant,              )
                         )
v.                       )   Case No. CV614-099
                         )             CR612-018
UNITED STATES OF AMERICA,)
                         )
    Respondent.          )

## ORDER

This case illustrates the power of a Court-provided form aimed at avoiding costly hearings.¹ In its opening Order the Court preliminarily

---

¹ The form is called a "Notice of Post-Conviction Consultation Certification" ("Notice") -- something routinely filed in cases before this Court. *See, e.g., United States v. Mills*, CR614-017, doc. 18 (S.D. Ga. Oct. 16, 2014). As explained in *Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014), and *Ortega v. United States*, 2014 WL 3012657 (S.D. Ga. July 2, 2014), lawyers generally have a duty to consult with their client about taking a direct appeal -- even in appeal-waiver cases. *See Ortega*, 2014 WL 3012657 at *1 n. 2 (collecting cases); *United States v. Henderson*, 2014 WL 4063930 at *2 (E.D. La. Aug. 13, 2014) (citing this Court's Notice form in granting a second-chance appeal: "It is clear that, even though Henderson waived virtually all of his post-conviction and appellate rights, his counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel.").

A lawyer's failure to consult or respect his client's wishes regarding an appeal (and file the Notice proving that fact) can result in costly evidentiary hearings and "second-chance appeals." *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011). The costs associated with conducting the

reviewed Martell Antwon Mingo's 28 U.S.C. § 2255 motion. CR612-018, doc. 1049, *reported at* 2014 WL 4702577. In it he claimed that his appointed lawyer, Thomas Charles Rawlings, ignored his instruction that a direct appeal be filed. Doc. 1049 at 3. The Court thus directed Rawlings to respond via affidavit. *Id.* at 4. Rawlings now swears that he duly consulted with Mingo about his direct appeal rights just after the Court sentenced him. Doc. 1050 at 2.[2] Mingo, he says, *signed* the Notice -- electing not to appeal. *Id.* at 2-3. Rawlings then handed the Notice to the courtroom deputy to file, but it is *not* in the record. *Id.* at 2-3.[3]

The Court then directed Mingo to sign, under 28 U.S.C. § 1746, a statement affirming or rebutting Rawlings' attestations. Doc. 1051. Mingo has complied. His statement, in its entirety:

> After being sentenced Thomas Rawlings and I agreed that it was harsh and we were going to oppose the final decision. The only possible way would be with a direct appeal and he said it would be handled in the proper manner. However, after months of waiting to hear from him on the status of my appeal[,] I subsequently

---

hearing (appointment of counsel for defendant, transporting him from a distant prison, burdening the court's time and limited resources) are avoided where defense counsel simply files the Notice reflecting his client's wishes regarding an appeal.").

[2] Furthermore, says Rawlings, Mingo never asked him to file an appeal, even when the two later conferred about a prison transfer. Doc. 1050 at 3.

[3] The deputy's sentencing "Minutes" form has a preprinted "Notice of Counsel's Post-Conviction Obligations Provided" line on it. It is unchecked. Doc. 831.

2

learned that no appeal had been filed as requested. Had I known that Thomas Rawlings was not going to file the appeal on my behalf, I could have filed [it] myself in a timely manner. When Thomas Rawlings and I spoke again[,] I was well aware that my time limit was up after doing some legal work myself. He stated [that] I waived my rights as part of my plea deal[,] which is incorrect to my knowledge.[4] He also informed me that I was eligible for the new laws coming into effect. Therefore, I rebut Thomas Rawlings['] statement about me choosing to waive my direct appeal.

Doc. 1057 at 1-2 (footnote added).

Normally, the Court would appoint new counsel for Mingo and direct the Deputy Clerk to schedule an evidentiary hearing to resolve the factual conflict. However, up to this point it has been reviewing Mingo's § 2255 motion under Rule 4(b) of the rules governing 28 U.S.C. § 2255 proceedings. The Government has not been given a chance to respond.

---

[4] In fact, just after Mingo was sentenced, Rawlings reminded him of that fact -- after the sentencing judge noted same. Doc. 1055 at 18 ("I have explained to Mr. Mingo that he has waived his right to appeal because his sentence is within the Guidelines."); *see also id.* at 15 ("And also, the Court is mindful that he has waived his appellate rights. . . .").

Perhaps Mingo is adverting to the fact that, despite his double waiver, he may still appeal on very limited grounds. *Winthrop-Redin v. United States*, 767 F.3d 1210, ___, 2014 WL 4699391 at * 4 (Sept. 23, 2014) (a conviction is open to collateral attack if it is based upon a plea induced by promises or threats that deprive it of the character of a voluntary act); *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 14, 2014) (§ 2255 movant's "double waiver precludes all IAC claims except those going to the validity of his guilty-plea agreement (e.g., that counsel misled or coerced his client into pleading guilty/waiving his rights, or in some way materially bungled the plea offer to the extent that a client would not knowingly and intelligently accept it).").

Hence, the Court will first hear from it within 30 days of the date this Order is served.

**SO ORDERED**, this 23rd day of October, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA