```
                                                    FILED
                                             U.S. DISTRICT COURT
                                                AUGUSTA DIV.
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA   20 AUG 25 PM 1:56
                  STATESBORO DIVISION
                                             CLERK_____
                                               SO. DIST. OF GA.
```

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 612-018-19 |
| | * |
| MARTELL ANTWON MINGO | * |

# O R D E R

Defendant Martell Antwon Mingo has filed a motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Mingo's request for relief.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances" if such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13.

The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Grounds raised by Mingo may implicate the "medical condition" category, which is discussed below.

The application note to the policy statement also provides a fourth "catch-all" category of extraordinary and compelling reasons: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). Through his motion, Mingo insists that the First Step Act has now given district courts authority to ignore the emphasized language and to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 independent of the BOP's determination. Mingo contends that if he were sentenced today, he would not be considered a career offender under the sentencing guidelines; thus, this constitutes a compelling and extraordinary reason for this Court to use its discretion to reduce his sentence. The Court cannot do so even if Mingo's view of the sentencing guidelines is correct. Accord United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) (rejecting a similar argument that "extraordinary

2

and compelling reasons" include claims related to post-sentencing developments in case law); United States v. Rogers, 2020 WL 4597063, at *3 (M.D. Fla. Aug. 11, 2020) ("The basis for compassionate release is based on individual circumstances and not a medium for mass reductions of statutory penalties."). The First Step Act did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231

(N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Turning back now to the only possibly applicable category into which Mingo may fall, the Court has determined that his medical condition does not qualify as extraordinary and compelling warranting release. To qualify, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Mingo presents no medical evidence that he meets either of these criteria. Instead, he suggests that his medical condition is serious because of the likely impact of COVID-19. Mingo claims he is immunocompromised from years of smoking, has immune deficiencies, is an epileptic, is obese, and has a family history of diabetes, high blood pressure and cancer. He does not submit medical evidence to support his claim. Rather, the Government has submitted Mingo's inmate medical records to present a more trustworthy account.

The Court has considered Mingo's medical records in light of the Centers for Disease Control and Prevention's ("CDC") list of

significant risk factors. First, the CDC reports the following conditions "are at increased risk of severe illness from COVID-19": cancer; chronic kidney disease; COPD; immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; and type 2 diabetes mellitus. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on August 21, 2020). Mingo's medical records do not show that he suffers from any of these conditions. For instance, in August 2019, Mingo denied having seizures, diabetes, hypertension or cardiovascular and respiratory issues. (Gov't Resp. in Opp'n, Doc. 1411, Ex. A, at 33.) Also, based upon Mingo's height and weight, he does not meet the CDC's clinical definition of obese.[1] Moreover, while smoking,[2] hypertension, and immunocompromised state from immune deficiencies are risk factors, they are listed by the CDC as "***might***

---

[1] In December 2019, Mingo weighed 214.9 pounds and was 75.5 inches tall, which equates to a BMI of 26.5. See Centers for Disease Control & Prevention, *Adult BMI Calculator*, available at https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited on August 21, 2020).

[2] Tellingly, the medical records do not mention of "years of smoking" (other than marijuana) or its effects on Mingo.

5

*be* at an increased risk" for severe illness for those that contract COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, supra (emphasis added). The Court is unwilling to conclude that a condition that "might" put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release. Finally, the CDC does not list family history as a risk factor.

In short, it is best remembered that Mingo bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). He has not done so. His concern about the pandemic as it relates to his medical conditions is at this point too speculative to qualify as extraordinary and compelling.

Even if a defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must still determine if he is a danger to the community, U.S.S.G. § 1B1.13(2), and must consider the sentencing factors of 18 U.S.C. § 3553(a), § 3582(c)(1)(A). These considerations do not support early release. Mingo's offense and criminal history reflect serious involvement in drug trafficking. Additionally, Mingo has nine years remaining on his sentence. Early release would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Also, the Court

notes that in the last six months, Mingo has been disciplined for possessing a hazardous tool, assault without serious injury, refusing to obey an order, and failing to follow safety regulations. (Def.'s Mot. for Compassionate Release, Doc. 1409-2, at 1.)  Given Mingo's conduct in and out of prison, the Court cannot conclude with any amount of certainty that he does not pose a danger to the community.

Upon the foregoing, Defendant Martell Antwon Mingo's motion for compassionate release (doc. 1409) is **DENIED**.  The Clerk is directed to **TERMINATE** the Government's motion to dismiss Mingo's motion for compassionate release (doc. 1410).

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA